J-S43035-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
                                    :            PENNSYLVANIA
                                    :
                 v.                  :
                                    :
                                    :
KEVIN LUGO-ARIAS                :
                                    :
               Appellant          :     No. 2092 EDA 2025

Appeal from the PCRA Order Entered March 6, 2025
In the Court of Common Pleas of Bucks County Criminal Division at
No(s): CP-09-CR-0005445-2022

BEFORE: KUNSELMAN, J., McLAUGHLIN, J., and BENDER, P.J.E.

MEMORANDUM BY BENDER, P.J.E.:           **FILED FEBRUARY 5, 2026**

Appellant, Kevin Lugo-Arias, appeals from the post-conviction court's order denying his petition filed under the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546. After review, we remand with instructions and retain jurisdiction.

The PCRA court provided a thorough summary of the relevant facts and procedural history of this case. *See* PCRA Court Opinion (PCO), 5/12/25, at 1-6. Briefly, Appellant was charged with one count each of possession of a firearm by a person prohibited,[1] possessing an instrument of crime (PIC),[2] and recklessly endangering another person (REAP).[3] *Id.* at 4-6. On April 12,

---

[1] 18 Pa.C.S. § 6105 §(a)(1).

[2] 18 Pa.C.S. § 907(a).

[3] 18 Pa.C.S. § 2705.

2023, Appellant pled guilty to one count of PIC and one count of REAP, and the trial court sentenced Appellant to a term of four years of probation for PIC and a term of two years of probation for REAP, to run concurrently. *Id.* at 5-6; N.T., Guilty Plea and Sentencing, 4/12/23, at 10. This resulted in an aggregate sentence of four years of probation. N.T., Guilty Plea and Sentencing, 4/12/23, at 10. Additionally, the trial court ordered that if Appellant did not violate his probation or incur any new criminal charges, Appellant's sentence would terminate after two years. *Id.* Appellant did not file post-sentence motions or a direct appeal.

On May 9, 2024, Appellant filed a timely *pro se* PCRA petition. Appellant retained private counsel who filed an amended PCRA petition on June 19, 2024. On October 17, 2024, the PCRA court entered notice of its intent to dismiss Appellant's amended PCRA petition without a hearing pursuant to Pa.R.Crim.P. 907. However, the PCRA court provided Appellant twenty days to file a second amended petition. On November 6, 2024, Appellant, through counsel, filed a second amended PCRA petition. After several continuances, the PCRA court held a hearing on Appellant's second amended PCRA petition on March 6, 2025. That same day, March 6, 2025, the PCRA court denied Appellant's second amended PCRA petition.

On April 4, 2025, Appellant filed a timely notice of appeal. Both the PCRA court and Appellant complied with Pa.R.A.P. 1925.

On appeal, Appellant presents the following issues:

1. Whether trial counsel was ineffective for failing to properly investigate, analyze, and advise Appellant regarding exculpatory DNA evidence excluding him as a contributor to DNA from the firearm's grip and trigger.

2. Whether trial counsel was ineffective for failing to investigate and interview exculpatory eyewitnesses provided months before the plea.

3. Whether the coercive, rushed plea process, coupled with incomplete advice, rendered the plea unknowing and involuntary.

4. Whether counsel was ineffective for failing to file pretrial motions, including for independent DNA testing and related litigation, to challenge the Commonwealth's case and improve plea leverage.

Appellant's Brief at 7.

Before reaching the merits of Appellant's claims, we note that "[t]o be eligible for relief under this subchapter, the petitioner must plead and prove by a preponderance of the evidence . . . [t]hat the petitioner has been convicted of a crime under the laws of this Commonwealth and is at the time relief is granted . . . currently serving a sentence of imprisonment, probation or parole for the crime[.]" 42 Pa.C.S. § 9543(a)(1)(i). After review, we conclude that it is not clear from the record whether Appellant is currently serving a sentence in this matter and eligible for relief under the PCRA.

Accordingly, we remand this matter to the PCRA court to determine whether Appellant has completed his sentence or is currently serving a sentence of imprisonment, probation, or parole in this case. *See Commonwealth v. Lowery*, 658 EDA 2023, 2024 WL 4272044, at *3 (Pa.

- 3 -

Super. filed September 4, 2024) (unpublished memorandum) (remanding case to the PCRA court to determine whether the appellant was currently serving a sentence).[4] On remand, the PCRA court shall supplement the record with pertinent documentation and may conduct further proceedings, if necessary, in order to inform this Court whether Appellant is currently serving a sentence in this matter. *See id.* The PCRA court shall make this determination and forward its findings to this Court as a supplemental record within 30 days from the date this order is filed.[5]

---

[4] Pursuant to Pa.R.A.P. 126(b), non-precedential decisions of this Court filed after May 1, 2019, may be cited for their persuasive value.

[5] We note that on September 3, 2025, the Commonwealth filed an application for relief in this Court asserting that Appellant was no longer serving a sentence in this matter and requesting this Court either dismiss Appellant's appeal or remand this matter to the PCRA to make a finding on the record that Appellant has completed his sentence. Commonwealth's Application, 9/3/25, at 3. Appellant subsequently filed a response to the Commonwealth's application asking this Court to deny the Commonwealth's application and asserting that the instant appeal is not moot. Appellant's Response, 9/15/25, at 10-11. On October 2, 2025, this Court entered an order denying the Commonwealth's application without prejudice to the Commonwealth's ability to raise this issue before the panel of this Court assigned to decide the merits of the appeal by either refiling the application once the case was assigned to a panel or by raising the issue in its brief. Order, 10/2/25, at 1. In its appellate brief, the Commonwealth again contends that although it is not reflected in the record on appeal, Appellant completed serving his sentence on April 13, 2025, and is not eligible for relief under the PCRA. Commonwealth's Brief at 13-16. The Commonwealth noted that in his September 15, 2025 Response to the Commonwealth's application for relief, Appellant did not contest the Commonwealth's claim that Appellant completed his sentence, and therefore, the Commonwealth stated remand was not necessary. *See id.* at 13, n.1. However, as noted above, we conclude that it is not clear from the certified record whether Appellant has completed his sentence, and therefore, remand is required. *See Lowery*, 2024 WL 4272044.

Case remanded with instructions.  Panel jurisdiction retained.